**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**MICHAEL K BAILEY,**

        **Plaintiff,**

                                    **Civil Action 2:21-cv-488**

      **v.**                             **Judge James L. Graham**

                                      **Magistrate Judge Kimberly A. Jolson**

**MARC HOUK, et al.,**

        **Defendants.**

**REPORT AND RECOMMENDATION**

        This matter is before the Court on Defendants Marc Houk's and Kathleen Kovach's Motion to Dismiss for Failure to State a Claim (Doc. 6). For the following reasons, the Undersigned **RECOMMENDS** Defendants' Motion be **GRANTED** and this case be **DISMISSED**.

**I.**      **BACKGROUND**

        Plaintiff, a *pro se* prisoner currently incarcerated at Marion Correctional Institution, brings this action against Ohio Parole Board ("OPB") members Marc Houk and Kathleen Kovach. (Doc. 3). Plaintiff alleges Defendants relied on "substantive inaccuracies" during his parole hearings and transmitted that inaccurate information to the Governor to support their recommendations that he be denied executive clemency. (*See generally* Doc. 3). Plaintiff is currently serving a life sentence for an aggravated murder committed in 1974. (*Id*., ¶ 7).

        While Plaintiff does not dispute his conviction, he does dispute how OPB describes his crime. (*Id*., ¶ 4, 5). He alleges OPB improperly relied on this mischaracterization to repeatedly deny him parole and executive clemency. (*Id*.). Plaintiff learned about these alleged inaccuracies in 2016. (*Id*., ¶ 22). "Two years before, the Ohio Supreme Court [] ruled that Ohio prisoners had a right under Ohio law to a factually accurate parole record." *Bailey v. Wainwright*, 951 F.3d 343,

345 (6th Cir.), *cert. denied*, 141 S. Ct. 316 (2020) (citing *State ex rel. Keith v. Ohio Adult Parole Auth.*, 24 N.E.3d 1132, 1137 (2014)). After this ruling, Plaintiff and several other Ohio prisoners, "successfully petitioned OPB for their parole candidate information sheets, which include a description of prisoner's offense." *Id.* After reviewing his parole candidate information sheet, Plaintiff realized OPB's description of his crime did not match his recollection. (Doc. 3 at ¶ 22). Plaintiff reached out to OPB in an effort to have these alleged inaccuracies changed, and the two corresponded for the next several months. (*Id.*, ¶¶ 23–26).

While OPB eventually updated Plaintiff's parole candidate information sheet, the description of his crime remained the same. (*Id.*, ¶¶ 26–27). At this point, Plaintiff attempted to meet with an OPB representative to discuss his belief that the description of the crime was inaccurate, and also filed a motion with the Lucas County Court of Common Pleas to correct his parole record. (*Id.*, ¶ 28). Both the motion and the request to meet with an OPB representative were denied. (*Id.*, ¶ 29). While Plaintiff appealed the Court's decision, an Ohio appellate court affirmed the Lucas County Court's denial, and the Ohio Supreme Court denied his request for a discretionary appeal. (*Id.*, ¶ 30).

On April 18, 2018, Plaintiff filed a *habeas* petition in the United States District Court for the Northern District of Ohio, asking the Court for "immediate release based on [] OPB's ongoing violation of constitutional law." (*Id.*, ¶ 31; *see also Bailey v. Wainwright*, No. 3:18 CV 881, 2018 U.S. Dist. LEXIS 73655 (N.D. Ohio May 1, 2018)). The district court dismissed Plaintiff's petition and his motion for reconsideration on the ground that he failed to state a claim for *habeas corpus* relief. *Wainwright*, 2018 U.S. Dist. LEXIS 73655 at * 2. The Sixth Circuit affirmed the District Court's ruling, while noting that "[n]othing prevents [Plaintiff] from using § 1983 to raise

these or similar claims." *Bailey v. Wainwright*, 951 F.3d 343, 347 (6th Cir.), *cert. denied*, 141 S. Ct. 316 (2020).

The allegations in the instant action generally stem from Plaintiff's ninth parole hearing and executive clemency denial, both of which occurred in 2020. (Doc. 3 at ¶ 45). Specifically, he states that Defendants violated his constitutional rights when they "used falsehoods they knew to be false [in] each of those [proceedings][.]" (*Id.*, ¶ 48). Plaintiff seeks both monetary and injunctive relief. (*Id.*, ¶¶ 50–54).

After being served with the Complaint on May 12, 2021, Defendants moved to dismiss. (Docs. 5, 6). In so moving, Defendants argue Plaintiff fails to allege or explain how OPB's rationale for denying him parole in 2020 was based on substantive inaccuracies. (*See generally* Doc. 6). Plaintiff filed his response on June 23, 2021 (Doc. 7), and Defendants filed their Reply (Doc. 8) shortly thereafter. So Defendants' Motion is ripe for review.

## II.    STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure requires that a complaint "state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 663–64, 678 (2009); *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing the complaint, a court must construe it in favor of the plaintiff and accept all well-pleaded factual allegations as true. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (emphasis added) (citing *Twombly*, 550 U.S. at 556). On the other hand, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Twombly*, 550 U.S. at 555; *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (noting that a plaintiff

must give specific, well-pleaded facts, not just conclusory allegations).  In other words, while "detailed factual allegations" are not required under Fed. R. Civ. P. 8(a)(2)'s "short and plain statement" rule, the law "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 677–78 (quotation marks and citations omitted).

Further, although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).  Stated differently, "[t]he requirement for liberal construction . . . does not translate to ignoring a clear failure in the pleading to allege facts which set forth a cognizable claim."  *Kidd v. Neff*, No. 1:12-cv-40, 2012 WL 4442526, at *2 (E.D. Tenn. Sept. 25, 2012 (dismissing *pro se* plaintiff's "incredibly vague" complaint), *see also Smith v. Breen*, No. 09-2770, 2010 WL 2557447, at *6 (W.D. Tenn. June 21, 2010) (collecting cases).  Ultimately, to avoid dismissal, a plaintiff's complaint "must contain either direct or inferential allegations with respect to all the material elements" of each claim.  *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003) (citing *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)).

## III.  DISCUSSION

Defendants make two main arguments in support of dismissal; (1) Plaintiff's official capacity claims against Defendants are barred by sovereign immunity; and (2) Plaintiff's individual capacity claims fail because he has not sufficiently alleged or explained how OPB's rationale for denying him parole was based on substantive inaccuracies.  (Doc. 6 at 4–6).  The Court addresses each argument in turn.  Defendants also claim that parts of Plaintiff's case are barred by the statute of limitations.  But, as explained, the Court does not need to resolve that issue.

### A.  Official Capacity Claims

Plaintiff seeks both monetary and injunctive relief from Defendants in their official and individual capacities. (*See* Doc. 3 at ¶ 6 (naming Defendants in both their official and individual capacities); *id*., ¶ 54 (seeking injunctive relief, in addition to $3,700,000 in compensatory damages and $2,000,000 in punitive damages)). Defendants argue they are immune from lawsuits against them in their official capacities. (Doc. 6 at 4). They are correct.

"'[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.'" *Pullen v. Caldwell*, No. 3:20-CV-198, 2021 WL 2952776, at *3 (S.D. Ohio July 14, 2021) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). Absent an express waiver, the Eleventh Amendment to the United States Constitution bars suit against a State or its agencies in federal court regardless of the nature of the relief sought. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996); *see also Holson v. Good*, 579 F. App'x 363, 364 (6th Cir. 2014) (noting that the Eleventh Amendment bars "suits brought in federal court against a state and its agencies"). Because the Adult Parole Authority "is undisputedly a state agency," *Holson*, 579 F. App'x at 364, and OPB is a section within the Adult Parole Authority, it too is a state agency immune from relief. *Mockbee v. Scioto Cty. Adult Parole Auth.*, No. 1:17-cv-254, 2017 WL 2222322, at *3 (S.D. Ohio May 22, 2017) (citing O.R.C. § 5149.02).

Neither the State of Ohio nor its agencies have waived their Eleventh Amendment immunity for purposes of suits like this one, and the exceptions to immunity do not apply. *See Mixon v. Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). Accordingly, the Eleventh Amendment bars Plaintiff's claims against Defendants in their official capacities, and it is **RECOMMENDED** those claims be **DISMISSED**.

**B. Individual Capacity Claims**

Next, Defendants argue Plaintiff's individual capacity claims fail because his Complaint "contains no factual allegations which would permit the inference that he suffered any compensable harm arising from the presence of any substantial errors in his parole records." (Doc. 6 at 6). Additionally, they argue that "any substantive inaccuracies allegedly used . . . to deny Plaintiff parole and/or clemency prior to February 2, 2019, are barred by the statute of limitations." (Doc. 8 at 2).

      *1. Failure to Plead*

As detailed below, Plaintiff's due process claims stemming from the recommendation to deny clemency and his ninth parole hearing are timely. Accordingly, the Undersigned must now evaluate whether Plaintiff's claim is sufficiently plausible to survive dismissal. Defendants argue it is not. (*See generally* Doc. 6). Plaintiff, conversely, argues that his Complaint is "replete with factual allegations permitting the inference that he suffered compensable harm arising from the presence of substantial factual misrepresentations in his parole records and that the two named defendants personally engaged in causing some of that harm." (Doc. 7 at 10).

To begin, the Court notes Plaintiff's claim is procedural, not substantive. In the context of parole, "substantive due process protects inmates from arbitrary denials of parole based on impermissible criteria such as race, political beliefs or frivolous factors[.]" *Mayrides v. Chaudhry*, 43 F. App'x 743, 746 (6th Cir. 2002). Plaintiff makes no such allegation here. Instead, he argues the procedures followed by the state were not constitutionally sufficient. (*See generally* Doc. 3). Accordingly, Plaintiff's claim is for an alleged violation of his right to procedural due process. *See Jergens v. Ohio Dep't of Rehab. & Corr. Adult Parole Auth.*, 492 F. App'x 567, 570 (6th Cir. 2012) (recognizing that when an inmate brings a due process claim alleging false information was

used against him in a parole hearing, such a claim is procedural in nature); *see also Jackson v. Hudson*, No. 2:18-CV-1319, 2019 WL 3521745, at *2 (S.D. Ohio Aug. 2, 2019) (same).

In evaluating whether a cognizable procedural due process claim exists, the Court "first ask[s] whether there exists a liberty [] interest of which a person has been deprived, and if so[,] [were] the procedures followed by the State [] constitutionally sufficient." *Swarthout v. Cooke*, –––– U.S. ––––, 131 S. Ct. 859, 861 (2011). As to the first requirement, it is well established that Ohio prisoners have "no constitutional or statutory right to parole." *State ex rel. Keith v. Ohio Adult Parole Auth.*, 24 N.E.3d 1132, 1137 (Ohio 2014). Still, prisoners can "raise certain procedural challenges to the methods used to reach a parole decision." *Jackson*, 2019 WL 3521745, at *3; *see also Dotson v. Wilkinson*, 329 F.3d 463, 472 (6th Cir. 2003) ("[W]here a prisoner does not claim immediate entitlement to parole . . . but instead lodges a challenge to the procedures used during the parole process as generally improper or improper as applied in his case . . . such a challenge [is] cognizable under section 1983.").

While Ohio prisoners have no liberty interest in parole itself, they do possess a liberty interest in being free from "parole decisions . . . made in reliance on information [] the Parole Board [knew][,] or ha[d] reason to know [was] inaccurate." *Kinney v. Mohr*, No. 2:13-cv-1229, 2015 WL 1197812, at *4 (S.D. Ohio Mar. 16, 2015); *see also State ex rel. Keith*, 24 N.E.3d at 1137 ("[I]n any parole determination involving indeterminate sentencing, the [parole board] may not rely on information that it knows or has reason to know is inaccurate."). Accordingly, a prisoner may have a cognizable procedural due process claim where they can show there were "verifiable errors" in their parole file and that the parole board knowingly relied on these errors in making its determination. *Kinney*, 2015 WL 1197812, at *4.

Plaintiff's Complaint does not allege any specific "verifiable error" that Defendants knowingly used to make their parole determination or their clemency recommendation. While Plaintiff repeatedly alleges that Defendants "relied on falsehoods" and "lies" and "contradictory evidence" (*see generally* Doc. 3), he does not specifically say what these "lies," or "falsehoods" were. At no point does Plaintiff state facts contradicting Defendants' characterization of his offense. These "'[n]aked assertions' are insufficient to state a plausible claim for relief." *Jackson*, 2019 WL 3521745, at *3 (quoting *Iqbal*, 556 U.S. at 678) (finding plaintiff failed to state a substantive due process claim where he only alleged "the criminal history contained in his record was of an erroneous nature"); *see also Jergens*, 492 F. App'x at 571 n.5 (finding plaintiff's allegation the parole board relied on "false information [in his] criminal record and history" was too vague to make out a claim); *Solly v. Mausser*, No. 2:15-cv-956, slip op. at 5–6 (S.D. Ohio Nov. 6, 2015) (dismissing a procedural due process claim when plaintiff "allege[d] [] Defendants relied on false information in denying him a meaningful parole hearing" but did "not describe the nature of the false information or how it was used against him"). At base, Plaintiff's conclusory allegations of unconstitutional conduct, without specific factual allegations, fail to state a claim under § 1983, and the Undersigned **RECOMMENDS** they be **DISMISSED**.

While Plaintiff's failure to comply with the basic pleading standards, as detailed above, is sufficient grounds to grant Defendants' Motion, the Court finds it prudent to highlight another important detail regarding Plaintiff's allegations. As Plaintiff himself represents, in both his ninth parole hearing and the 2020 recommendation to deny clemency, OPB acknowledged the allegation of inaccuracies in Plaintiff's parole file and afforded him the opportunity to clarify those allegations. (*See* Doc. 3 at ¶ 43 (showing that OPB's recommendation to deny Plaintiff executive clemency in 2020, specifically acknowledged that "the applicant makes notice that his parole file

contains inaccurate information," and directed the Governor's Office to "refer to the application packet for additional information" on that claim); *see also id.*, ¶ 46 (representing that at Plaintiff's ninth parole hearing, Defendant Houk acknowledged Plaintiff's claim that the parole file contained inaccurate information, and asked Plaintiff "to tell the Board what happened in his own words")). Clearly, Plaintiff was "allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied[,]" as the Constitution requires. *Swarthout v. Cooke*, 131 S.Ct. 859, 862 (2011). And, for this additional reason, Plaintiff's pleadings are insufficient to allege a cognizable procedural due process violation.

### 2. Statute of Limitations

Defendants also argue that Plaintiff has a timeliness problem. The allegations in Plaintiff's Complaint stem back as far as 2014. (*See* Doc. 3 at ¶¶ 50–51 (alleging Defendants relied on these alleged "substantive inaccuracies" during Plaintiff's 2014 parole hearing)). In Ohio, there is a two-year statute of limitations on claims raised under § 1983. *Browning v. Pendleton*, 869 F.2d 989, 991 (6th Cir. 1989) (noting that Ohio's two-year statute of limitations for personal injury claims applies to § 1983 actions)). The statute of limitations begins to run when the plaintiff knew or should have known of the injury forming the basis of his claims. *Jefferson v. Mohr*, No. 2:16-CV-0369, 2017 WL 194350, at *3 (S.D. Ohio Jan. 17, 2017), report and recommendation adopted, No. 2:16-CV-369, 2017 WL 2992506 (S.D. Ohio July 13, 2017).

Plaintiff filed the instant action on February 2, 2021. (*See* Doc. 1). And he acknowledges that he became aware of these alleged inaccuracies in his parole candidate information sheet no later than April 14, 2016. (*See* Doc. 7 at 4). So Defendants argue that claims before February 2, 2019, are time-barred. (*See* Doc. 6 at 2; Doc. 8 at 2).

Importantly, however, there is no dispute that Plaintiff's claims relating to the January 14, 2020, recommendation to deny clemency (Doc. 3, at ¶ 45), and his ninth parole hearing on January 22, 2020 (*id*.), are timely. (*See* Doc 6 at 2). Further, Plaintiff argues that his entire case is timely because he brought similar claims though a petition for habeas corpus, and the Sixth Circuit "allow[ed] [him] to pursue this cause of action." (Doc. 7 at 1 (citing *Bailey v. Wainwright*, 951 F. 343 (6th Cir. 2020))).

Yet, the Court does not need to resolve the timeliness question presented here. This is so because Plaintiff has failed to state a claim upon which relief can be granted. Said differently, Plaintiff has not stated a claim related to any of his parole denials, and that is enough reason to dismiss the entire case.

## IV.    CONCLUSION

For the foregoing reasons, the Undersigned **RECOMMENDS** Defendants' Motion (Doc. 6) be **GRANTED** and Plaintiff's claims be **DISMISSED**.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specific proposed findings or recommendations to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: October 18, 2021                          /s/ Kimberly A. Jolson
                                                KIMBERLY A. JOLSON
                                                UNITED STATES MAGISTRATE JUDGE